## Begley, et al. v. Valentine, et al.

(Decided October 27, 1914.)

### Appeal from Leslie Circuit Court.

1. Land—Title—Maps.—In a case to try title where a map was referred to by the witnesses in locating conflicting lines, we can get no definite idea of the claims when the map is not with the record, and, therefore, cannot say whether the verdict was or not sustained by the evidence.

2. Land—Adverse Possession—Champerty.—Where the proof shows that the land in dispute was enclosed and occupied adversely by appellee at the time appellant became the purchaser from the other claimants, held that appellee's deed was champertous and void.

3. Land—Occupying Claimants—Purchase of Hostile Claim.—If one occupying land claiming it as his own, endeavors to purchase hostile claims of others, he does not thereby surrender his claim, nor admit superiority of the other claims.

CLEON K. CALVERT for appellants.

J. M. MUNCY for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The appellants brought this action in ejectment to recover possession of a portion of a 300 acre tract of land which they alleged was unlawfully occupied by appellees. The appellants claim title under a senior patent, and there is a conflict or lap between it and the junior patent, under which the appellees claim. The appellees also plead champerty and set up adverse possession. The case was submitted to the jury and their verdict was for appellees, the occupants.

The pleadings give no accurate information as to the extent of the conflict and neither does the proof, for the

testimony of all the witnesses is given with reference to a map, and to which they pointed in the presence of the jury. Their testimony is unintelligible without the map, and the map is not with the record. Appellees' brief shows that they claimed a strip about 20 poles wide within the boundary of the appellants' senior patent. Whatever land was in controversy, the proof does show it to be within the marked boundary of appellees' junior patent, and that appellees have lived within and claimed to such boundary continuously for more than 15 years. They have had under fence a good part of the disputed boundary for more than 20 years, and all of it, except about one-half acre, was brought within the inclosure three or four years ago and before appellants took title.

Appellants' title comes by a deed dated April 13th, 1912, from the Baileys, and others, heirs-at-law (or some of them) of Sammy Langdon. There is no defect in the title from the Commonwealth to Langdon. But the difficulty with the appellants' case is that the Bailey sale or conveyance to them was at a time when the appellees had under enclosure, and were in the actual, adverse possession of the tract in dispute, and to that extent the conveyance to them is champertous. Kentucky Statutes, section 210.

Appellants answer this situation by saying that the possession of appellees was amicable and not adverse. They say that George Bailey, one of the appellants' vendors, owned the Sam Langdon patent, and that at some time during the last 15 years the appellees sought by purchase to get title from Bailey's children, although Bailey was still living and holder of the legal title. It is argued that while such deeds as they took are ineffective to pass title, because they were not from the owner, yet the effort to get title in this way was a recognition of the Bailey ownership. These facts do not necessarily imply a surrender or abandonment of the claim by appellees. One occupying and claiming land adversely may be, in fact, usually is, aware of the flaw in his title, and the abandonment of his claim will not be implied from his effort to purchase the hostile claims, and in that way perfect his own, if he continues in possession.

Some complaint is made to one of the court's instructions, but these conclusions make it unnecessary to consider the instructions.

The judgment of the lower court is, therefore, affirmed.